IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02544-MSK-KLM

KEVIN D. EVANS,

        Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

        Defendant.

---

**PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING VERY LIMITED DISCOVERY PURSUANT TO FED. R. CIV. P. 72(a)**

---

On Wednesday, May 7, 2014, the Magistrate Judge denied Plaintiff's request for *very limited discovery* (*i.e.,* 5 interrogatories and 3 document requests) in this Freedom Of Information Act ("FOIA") case (*see* Scheduling Order, filed 5/7/2014, Doc. No. 48, attached hereto as Exhibit 1).

As set forth in his First Amended Complaint, Plaintiff seeks an order requiring Defendant to produce *one* photograph *of Defendant's choosing* that depicts Osama (a/k/a Usama) bin Laden taken during or immediately after the May 2011 raid in Abbottabad, Pakistan. Plaintiff asks that the photograph be authenticated by an authorized personnel of Defendant, and agrees that *the photograph can be redacted to delete* other information

in the photograph that Defendant reasonably believes would reveal *confidential and/or state secret information.*[1]

Plaintiff seeks such limited discovery in light of Defendant's 180 degree change in position (explained below) regarding the matter at issue, and in order to respond to the Declaration(s) Defendant intends to file in support of its upcoming summary judgment motion. Plaintiff respectfully submits that the Magistrate Judge erred in denying Plaintiff such limited discovery.

## I. INTRODUCTION

As it relates to Plaintiff's request for relief, the following comments made by then CIA Director Leon Panetta immediately after the incident in question are of particular note and import:

Brian Williams:

There is a report as we have this conversation, for the record, 10:36 a.m., that the President, the White House, has decided and, it may already be out, to release a proof of death photo. What light can you shed on this?

Leon Panetta:

The government obviously has been talking about how best to do this, but *I don't think there's — there was any question that ultimately a photograph*

---

[1] Plaintiff's case was stayed for over two years at Defendant's request until all proceedings in *Judicial Watch, Inc. v. United States Department of Defense and Central Intelligence Agency* were concluded. In that case, Judicial Watch, Inc. sought to have the defendants produce *all* photographs and videotapes of the event in question. The defendants prevailed in that case. Plaintiff here requests relief that is far more circumscribed: again, Plaintiff simply requests one photograph of Defendant's choosing, which can be redacted to remove confidential and/or state secret information.

*would be presented to the public.* Obviously, I've seen those photographs. We've analyzed them and there's no question that it's Bin Laden.

Brian Williams:

Were you debating how the release of a photo would go over, given its gruesomeness, versus the need on behalf of people all over the world to demand proof of death?

Leon Panetta:

*I think there's no question that there were concerns and there were questions that had to be debated about just exactly question kind of impact – would these photos have. But the bottom line is that, you know, we got Bin Laden and I think we have to reveal to the rest of the world the fact that we were able to get him and kill him.*

Transcript of interview with CIA director Panetta, http://www.nbcnews.com/id/42887700/ns/world_news-death_of_bin_laden/t/transcript-interview (emphasis added) (Exhibit 2 hereto) (last accessed May 9, 2014).

Since then, Defendant has reversed course and has said that it refuses to produce any such photo. It is for this reason that Plaintiff is seeking *very limited discovery* (*i.e.,* no more than 5 interrogatories and 3 document requests). It is not enough to say, as Plaintiff understands Defendant intends to do, "we changed our minds." Given the very public and unequivocal comments by the then highest ranking official of Defendant about producing *a photo*, a significant and material inconsistency in Defendant's position is known. Plaintiff should be permitted such limited discovery in order to test the Declaration(s) Defendant will submit in connection with its upcoming motion for summary judgment.

## II. MAGISTRATE JUDGE ERRED IN DENYING LIMITED DISCOVERY

During the brief Scheduling Conference this week, the Magistrate Judge said she would not allow the very limited discovery Plaintiff requests, and based that decision on *World Publ'g Co. v. United States Dep't of Justice*, No. 09-CV-574-TCK-TLW, 2011 WL 1238383 (N.D. Okla. Mar. 28, 2011), *aff'd*, 672 F.3d 825 (10th Cir. 2012). Respectfully, the Magistrate Judge erred.

In that case, the district court said:

> Tulsa World seeks discover "on the DOJ's position with respect to the application and holding" of legal authority on this issue. Tulsa World *speculates* that Defendants have taken a position on such authority that is contrary to that being asserted here. Such *speculation* is based on a parenthetical description of a case appearing on a government website. The Court agrees with Defendants that discovery on this topic is unwarranted because (1) the government is entitled to change positions and legal arguments, and (2) the parenthetical explanation cited by Tulsa World, which the Court has carefully reviewed, is ***not necessarily inconsistent*** with Defendants' position here.

2011 WL 1238383, at *8 (emphasis added). To begin with, there is no speculation here. As then CIA Director Panetta's comments over the airwaves, and in black and white, demonstrate, Defendant did take a position that is directly contrary to that being taken by Defendant here – it will not release any photo. Moreover, there is absolutely no doubt that the position previously taken is inconsistent with the position being taken now. Furthermore, while the Government certainly is entitled to change its mind, that does not mean that having done so, it does not have to disclose to the public evidence regarding the change: no more so than a witness who changes his position is subject to

4

impeachment. If the Government changes its position after having made such a public pronouncement to the contrary, it should be required to produce information relating to the change. That is the information Plaintiff seeks in discovery. Such information certainly is relevant as it has the significant potential to impeach any Declaration(s) submitted by Defendant here.

For its part, the Tenth Circuit said:

> The decision whether to allow discovery in FOIA cases is left largely to the discretion of the district court judge. . . . "Discovery relating to the agency's . . . exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations."

672 F.3d 825 at 832 (citations omitted). Again, as explained above, the facts in this case are quite different from those in *World Publ'g Co.* The Tenth Circuit did not say or suggest that under facts like those here, where a Government agency has taken a position contrary to that advanced in a FOIA case, the agency is immune from discovery aimed at the change in position.[2]

*   *   *

Wherefore, Plaintiff respectfully requests that the decision of the Magistrate Judge to allow him the very limited discovery he requests (5 interrogatories and 3 document requests) be reversed, and that Plaintiff be permitted to serve those discovery requests.

---

[2] While the Magistrate Judge said that Plaintiff could renew his motion for discovery after Defendant filed its motion for summary judgment, she also hinted quite strongly that such discovery request would be denied.

Case 1:11-cv-02544-MSK-KLM Document 50 Filed 05/09/14 USDC Colorado Page 6 of 7

Dated: May 8, 2014

By: *s/Kevin D. Evans*
_____
6400 South Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111
Telephone:  720.200.0613
Facsimile:  720.200.0679
Email:  kdevans@s-elaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2014, I filed and caused the foregoing **PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING VERY LIMITED DISCOVERY PURSUANT TO FED. R. CIV. P. 72(a)** to be served via the Court's ECF system on Defendant's counsel as follows:

Marcia Berman
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7132
Washington, D.C. 20530
Telephone: 202.514.2205
Facsimile: 202.616.8470
Email: Marcia.berman@usdoj.gov

*s/Theresa Davidson*

Theresa Davidson