IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02544-MSK-KLM

KEVIN D. EVANS,

        Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

        Defendant.

---

**PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING
VERY LIMITED DISCOVERY PURSUANT TO FED. R. CIV. P. 72(a)**

**EXHIBIT 1**

---

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02544-MSK-KLM

KEVIN D. EVANS,

Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

Defendant.

---

**CIVIL SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The scheduling conference is set for May 7, 2014 at 10:00 a.m. in Courtroom C-204. Counsel appearing and participating in the scheduling conference are:

*For Plaintiff –*

Kevin D. Evans, Steese, Evans & Frankel, P.C., 6400 S. Fiddlers Green Circle, Denver, CO 80111, 720.200.0613

*For Defendant –*

Marcia Berman, United States Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Avenue N.W., Room 7132, Washington, D.C. 20530, 202.514.2205.

## 2. STATEMENT OF JURISDICTION

Jurisdiction and venue are proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B). Neither jurisdiction nor venue is disputed.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a.   Plaintiff(s):

Plaintiff brings this action under the Freedom Of Information Act. As set forth in his First Amended Complaint, Plaintiff seeks an order requiring Defendant to produce **one** photograph **of Defendant's choosing** that depicts Osama (a/k/a Usama) bin Laden taken during or immediately after the May 2011 raid in Abbottabad, Pakistan. Plaintiff asks that the photograph be authenticated by an authorized personnel of Defendant, and agrees that **the photograph can be redacted to delete** other information in the photograph that Defendant reasonably believes would reveal **confidential and/or state secret information.**

Plaintiff's case was stayed for over two years at Defendant's request until all proceedings in *Judicial Watch, Inc. v. United States Department of Defense and Central Intelligence Agency* were concluded. In that case, Judicial Watch, Inc. sought to have the defendants produce *all* photographs and videotapes of the event in question. The defendants prevailed in that case. Plaintiff here requests relief that is far more circumscribed: indeed, Plaintiff simply requests one photograph of Defendant's choosing, which can be redacted to remove confidential and/or state secret information.

2

As it relates to Plaintiff's request for relief, the following comment made by then CIA Director Leon Panetta is of note:

> CIA director Leon Panetta told NBC News Tuesday that a photo proving the death of Osama bin Laden "*would be released to the public*" . . . . ¶ "The bottom line is that, you know, we got bin Laden and I think *we have to reveal to the rest of the world* the fact that we were able to get him and kill him," Panetta said in an interview with Nightly News.

http://www.nbcnews.com/42873423/ns/world_news-death_of_bin_laden (last accessed Feb. 11, 2014) (emphasis added). Since then, Defendant has reversed course and has said that it refuses to produce any such photo. It is for this reason that Plaintiff is seeking **very limited discovery** (*i.e.*, no more than 5 interrogatories and 3 document requests) pursuant to FED. R. CIV. P. 56(d)(2) following the procedure set forth below in Section 6.f.; that limited discovery would be aimed at the reversal of Defendant's position on this issue. It is not enough to say, as Plaintiff understands Defendant intends to do, "we changed our minds." Given the very public comments by the then highest ranking official of Defendant in favor of producing **a photo**, a significant and material inconsistency in Defendant's position is known. Plaintiff should be permitted such limited discovery in order to test the declarations Defendant undoubtedly will submit in connection with a motion for summary judgment.

  b. **Defendant(s):**

Plaintiff's FOIA request, submitted on May 11, 2011, is for "copies of the photographs of Osama Bin Laden's deceased body taken during the raid in Abbottabad, Pakistan." First Amended Complaint ¶ 4. In *Judicial Watch v. DoD*, 715 F.3d 937

3

(D.C.Cir. 2014), the United States Court of Appeals for the District of Columbia Circuit held, in ruling on a near-identical FOIA request,[1] that the photographs of bin Laden's deceased body are properly classified and hence exempt from disclosure under FOIA's Exemption One, 5 U.S.C. § 552(b)(1). Because of the similarity of the issues, this case was stayed pending resolution of all appeals in *Judicial Watch v. DoD*. The United States Supreme Court denied Judicial Watch's petition for writ of certiorari on January 31, 2014; plaintiff filed a First Amended Complaint, which defendant answered; and the Court issued a scheduling order requiring the parties to submit a proposed scheduling order.

In *Judicial Watch v. DoD*, the Government supported its motion for summary judgment with a lengthy declaration by John Bennett, Director of the Central Intelligence Agency's National Clandestine Service, stating that 52 responsive records contained post-mortem images of bin Laden's body. Bennett attested that "he had personally reviewed each image and concluded that all of them were properly classified Top Secret because, if disclosed, they could be expected to lead to retaliatory attacks against Americans and aid the production of anti-American propaganda." *Judicial Watch*, 715 F.3d at 939. Bennett also noted that certain images, including those used to conduct facial recognition analysis, could enable foreign intelligence services to infer certain CIA intelligence techniques. *Id.* The Government also submitted a declaration by Lieutenant General Robert Neller, Director of Operations, J-3, on the Joint Staff at the

---

[1] The request was for photographs or videos depicting bin Laden during and/or after the U.S. military operation in Pakistan. *Judicial Watch*, 715 F.3d at 463.

Pentagon, who affirmed that he too had personally reviewed the images and agreed that their release risked inciting violence and causing harm to U.S. troops and others. *Id.* And, finally, the Government submitted the declaration of Admiral William McRaven, Commander of the United States Special Operations Command. Admiral McRaven also reviewed each image and determined that their release could reveal the identity of the special operations unit that participated in the raid that resulted in bin Laden's death, thereby exposing its members and their families to risk of harm, as well as classified methods and tactics used in U.S. special operations. *Id.* at 939-40.

On the basis of these declarations, the D.C. Circuit upheld the Government's decision to withhold all of the responsive images, even "the most seemingly innocuous of the images." *Id.* at 942. Indeed, Judicial Watch focused its appeal on images such as those that depicted the preparation of bin Laden's body for burial and the burial itself, as opposed to the more graphic and gruesome images that showed the bullet wound to bin Laden's head. Nonetheless, the Court found that the declarations supported their declarants' determinations that releasing any of the images, including the burial ones, could reasonably be expected to trigger violence and attacks against the United States and were therefore properly classified. *Id.*

Recognizing the force of the *Judicial Watch* decision and that the Government would submit the same or similar declarations to support the withholding of the bin Laden photographs in this case,[2] plaintiff attempts to conduct discovery into the

---

[2] Plaintiff's offer to accept one responsive photograph of the CIA's choosing does not

5

significance of a statement made by Director Panetta to the press. But this strategy is to no avail, for multiple reasons. First, it is well-established that FOIA cases are generally resolved on summary judgment without discovery. *Accord World Pub Co. v. DOJ*, 672 F.3d 825, 832 (10th Cir. 2012); *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) ("'Discovery is generally unavailable in FOIA actions.'") (quoting *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003). In rare cases, limited discovery is permitted into the adequacy of a search, *see Lawyers' Comm. For Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131-32 (N.D. Cal. 2008), or whether the procedural requirements for classifying material were satisfied. *See Schaffer v. Kissinger*, 505 F.2d 389, 390-91 (D.C. Cir. 1974). Neither of these issues is contested here. Discovery is particularly inappropriate where a plaintiff seeks discovery into the agency's thought processes for claiming a particular FOIA exemption. *See, e.g., Ajluni v. FBI*, 947 F. Supp. 599, 608 (N.D.N.Y. 1996).

Second, that the Director of the CIA may have expressed a different viewpoint on the subject of the release of a photograph is irrelevant to plaintiff's FOIA claim. The only question before this Court regarding the Government's decision to classify the responsive records is whether their disclosure could reasonably be expected to cause the requisite degree of harm to national security. Whether a high-level Government official, even the Director of the CIA, offered a view that differed from the Agency's

---

narrow the scope of the declarations or briefing. Because plaintiff has not seen the responsive photographs, he cannot narrow his request to any specific photograph, requiring the Government to defend the withholding of all responsive records.

6

ultimate classification determination is simply irrelevant. *See Goldberg v. U.S. Dep't of State*, 818 F.2d 71 (D.C. Cir. 1987) (holding that fact that ambassadors acting independently marked requested cables "unclassified" was irrelevant to whether those cables were later properly withheld from FOIA requester as classified by the State Department). As the court noted in *Goldberg*, the Executive Order on classified information authorizes agencies to reclassify documents, even after a FOIA request has been received. 818 F.2d at 78-79 (discussing § 1.6(d) of E.O. 12,356; *see* § 1.7(d) of current E.O. 13,526).

Accordingly, defendant opposes plaintiff's request to take discovery and proposes that the Court enter a briefing schedule for summary judgment. Defendant's proposal for submitting its motion for summary judgment is set forth in defendant's response to 9(c) below.

c. **Other Parties:**

None.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff served his FOIA request on May 11, 2011.
2. Plaintiff constructively exhausted his administrative remedies.
3. Defendant has not produced records responsive to plaintiff's FOIA request.

### 5. COMPUTATION OF DAMAGES

None.

7

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. **Date of Rule 26(f) meeting:**

The parties conducted a telephonic pre-scheduling conference on Tuesday, April 22, 2014. That conference could not be conducted 21 days before the May 7 scheduling conference due to an unavoidable conflict in Ms. Berman's schedule. The parties agreed to conduct the conference on April 22, and the fact that it was not held 21 days before the May 7 scheduling conference did not prejudice either party.

b. **Names of each participant and party he/she represented:**

*For Plaintiff –*

Kevin D. Evans, Steese, Evans & Frankel, P.C., 6400 S. Fiddlers Green Circle, Denver, CO 80111, 720.200.0613

*For Defendant –*

Marcia Berman, United States Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Avenue N.W., Room 7132, Washington, D.C. 20530, 202.514.2205

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:** *[Handwritten: Disclosures are not necessary as This is a FOIA case.]* Plaintiff produced his initial disclosures to Defendant on April 8, 2014. Defendant's position is that initial disclosures are not appropriate in this case because it is a FOIA case. Discovery, and therefore initial disclosures, are generally

8

inappropriate in a FOIA case, and they are inappropriate here for the reasons discussed under 3(b) above. *See* U.S. District Court for the District of Columbia Local Rule 16.3(b)(9) (exempting FOIA cases from initial disclosure requirements).

    d.    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

See response to 6(c) above.

    e.    **Statement concerning any agreements to conduct informal discovery:**

None.

    f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

[Handwritten annotation: "Discovery will not be permitted as this is a FOIA case."]

[The following paragraph is crossed out with a large X:]

Plaintiff suggests that Defendant submit the declaration(s) that it would file to support a motion for summary judgment. Plaintiff agrees that Defendant need not prepare and file the actual summary judgment brief at that time. At that point, Plaintiff would formulate the limited discovery requests that he would seek to serve. If the Court rules that Plaintiff is permitted to serve discovery, the written discovery would take place. If the Court rules that Plaintiff cannot serve discovery, the question then would be whether the declarations would suffice to support summary judgment. If the Court declines to permit Plaintiff the requested limited discovery, and then grants summary judgment based on the declaration(s), Plaintiff anticipates at least appealing the issue of denial of discovery necessary to confront Plaintiff's declarations.

9

Defendant opposes discovery in this case for the reasons set forth under 3(b) above. Defendant also opposes plaintiff's suggestion that defendant file declarations in support of a motion for summary judgment before filing such motion. That procedure is unorthodox and would distort the record for purposes of appeal.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored Information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

Plaintiff has no electronically stored information relevant to his claim or any defenses. In the event Plaintiff is permitted to serve discovery, Plaintiff anticipates being able to work with Defendant on this point such that Court intervention would not be necessary.

*See (h) above.*

Defendant opposes discovery in this case for the reasons set forth under 3(b) above, thereby obviating the need for a discussion of electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

The parties have discussed this topic. Given the nature of the claim and the issue involved, the parties do not believe that settlement is possible, and do not believe that alternative dispute resolution would be helpful.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

*[Handwritten note: Discovery will not be permitted as this is a FOIA case.]*

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

As noted above, Plaintiff proposes to serve 5 interrogatories requests. Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

b. **Limitations which any party proposes on the length of depositions:**

At this point, Plaintiff is not requesting depositions. Plaintiff reserves the right to do so depending on the results of any written discovery Plaintiff is permitted to serve. Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

Plaintiff proposes to serve 3 document requests, and does not seek to serve any requests for admission.

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

d. **Other Planning or Discovery Orders:**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

11

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

May 31, 2014.

b. **Discovery Cut-off:** *Discovery will not be permitted because this is a FOIA case*

Plaintiff proposes 60 days after Defendant files declaration(s) that would be used by Defendant to support a request for summary judgment.

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

c. **Dispositive Motion Deadline:**

Plaintiff proposes 60 days after the discovery cut-off date. *July 1, 2014*

Defendant proposes that no discovery be conducted, for the reasons set forth under 3(b) above, and that its motion for summary judgment be due on or before July 31, 2014, or 60 days after the Court rules on plaintiff's request to take discovery, whichever is later.

d. **Expert Witness Disclosure:**

The parties agree not to designate or call expert witnesses.

e. **Identification of Persons to Be Deposed:** *See 9(b) above.*

Plaintiff proposes to answer this question within 30 days after Defendant responds to written discovery.

12

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

    f.    **Deadline for Interrogatories:** *See 9 (b) above.*

Plaintiff proposes to serve his 5 interrogatories within 30 days after Defendant provides the declaration(s) as referenced above in Section 6.f.

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

    g.    **Deadline for Requests for Production of Documents and/or Admissions:** *See 9 (b) above.*

Plaintiff proposes to serve his 3 document requests within 30 days after Defendant provides the declaration(s) as referenced above in Section 6.f. Plaintiff does not propose to serve requests for admission.

Defendant opposes discovery in this case for the reasons set forth under 3(b) above.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: *As needed.*

b. A final pretrial conference will be held in this case on *a date to be determined by Chief Judge Krieger, if at all.* at ____o'clock ___m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

13

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:**

Those are noted above. In particular, Plaintiff is requesting very limited discovery. Defendant opposes discovery in this case for the reasons set forth under 3(b) above and proposes that if plaintiff wishes to continue pursuing this case, the parties proceed to briefing summary judgment.

b. **Anticipated length of trial and whether trial is to the court or jury:**

At this point the parties believe that the case will be resolved by the Court on the papers.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado:

Not applicable.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

14

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 7th day of May, 2014.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/Kevin D. Evans

Kevin D. Evans, Esq.
6400 S. Fiddlers Green Circle
Suite 1800
720.200.0613
Plaintiff, Pro Se

s/Marcia Berman

Marcia Berman, Esq.
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Room 7132
Washington, D.C. 20530
202.514.2205
Attorney for Defendant

16